William Cornelius PARRIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12294.

Criminal Court of Appeals of Oklahoma.

July 25, 1956.

Van Cleave, Thomas & Liebler, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

William Cornelius Parris, plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the municipal criminal court of the city of Tulsa with the operation of a motor vehicle while under the influence of intoxicating liquor.

The case was tried to a jury, and the defendant was found guilty as charged, but the jury left the punishment to be fixed by the court, who set the penalty at a fine of $100 and ten days imprisonment in the Tulsa County jail. Appeal has been perfected to this court.

We have carefully read the record, and find that the evidence amply supports the judgment entered. The State used four witnesses, two of them being the officers who made the arrest, which was occasioned by the defendant operating his car in a weaving manner along certain streets in the city of Tulsa, as alleged in the information, and by further reason of his facial appearance.

■ Defendant was given several manual tests, all indicative of intoxication. He was also given the Harger breath test, and the defendant's reading was 0.34, or $^{34}/_{100}$ of one per cent. All of the tests were taken voluntarily.

Dr. M. O. Hart testified that he had been practicing medicine in Tulsa since 1928; that he had made a study of. the effects of alcohol and the methods of making tests of alcoholic contents in the human body. That a ·person with a reading of 0.34 in his blood would definitely be under the influence of intoxicating liquor. He testified that a person whose blood had alcohol content of 0.15 would be "under the influence".

The defendant testified that he had lived in Tulsa 21 years; that his occupation was that of driving a taxicab in the city of Tulsa; that he owned the cab; that he went to work at 2 a. m. on July 25, 1955 and had been driving all the time up until 11 a. m., when he stopped at the home of his relief driver, Jack Gee. He stayed there about one hour, and had one highball while there. He said he did not tell officer Hogue that he had drunk a bottle of beer; that the highball out at the home of his driver was all that he had had to drink that day. He said that when he left his driver's home, Mr. Gee went in the taxicab with him to a filling station, where he had the cab greased. They then drove around a while, and Mr. Gee, who, witness testified "had been drinking quite a bit", decided to go home, and defendant was taking him home when he was arrested. Thus we see that we have evidence on the part of the State that defendant was intoxicated, all of which was denied by the defendant. Nevertheless, he did admit that he had drunk a highball which Mr. Gee fixed, and that he did not know how much liquor was put in it.

The record reflects that the defendant has no previous criminal record and that he makes his living for his family by the operation of a taxicab; and that the within conviction, under the provisions of 47 O.S.A. § 93 will make it mandatory for the Commissioner of Public Safety to cancel his driver's license for a period of one year, in addition to the punishment prescribed by the trial court.

We deeply regret that this driver, or any driver who makes his livelihood driving a. motor vehicle, will lose his license, but the duties of courts and juries are clear in a situation of this kind. And there can be no hesitation; this by reason of the great danger to the public from the operation of motor vehicles by persons who drive when so under the influence of intoxicants that it impairs their ability to properly operate their vehicles. The daily toll of deaths on the highways of this State and the Nation attest to this.

■■ As we have so often said, where there is competent evidence in the record from which the jury could reasonably conclude that the defendant is guilty as charged, this court will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence, and determine the facts. Holman v. State, 97 Okl.Cr. 279,. 262 P.2d 456.

The judgment of the municipal criminal court of the city of Tulsa is affirmed.

BRETT, J., concurs.